# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Kathleen M. Ragler, | ) | |
| | ) | |
| Plaintiff, | ) | 3:18-cv-00049 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| Wells Fargo Bank, N.A., | ) | [Re: Motion at docket 9 |
| | ) | and Request at docket 18] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 9 plaintiff Kathleen M. Ragler ("Ragler") moves to remand this case to the Superior Court for the State of Alaska. Her motion is supported by a memorandum at docket 10. Defendant Wells Fargo Bank, N.A. ("Wells") opposes at docket 16 with a supporting memorandum at docket 17. Ragler replies at docket 24. Oral argument was not requested, and it would not be of assistance to the court.

At docket 18, Wells asks the court to judicially notice two documents recorded in the Anchorage Recording District, a notice of default and a trustee's deed. Ragler has not responded to the request, and it meets the criteria for judicial notice. Accordingly, the court judicially notices these two recorded documents.

## II. BACKGROUND

Ragler filed her complaint in state court alleging, "This is an action for relief and damages against [Wells]. . . .. [Wells] is threatening a wrongful foreclosure against an elder. This foreclosure must be stopped until [Wells] complies with the law and its obligations."[1] The complaint was filed on January 18, 2018. A foreclosure sale had already been scheduled for January 19, 2018. Anticipating that the foreclosure sale would proceed, the complaint asserted: "The threatened foreclosure auction of January 19, 2018, should be halted and/or rescinded until a full accounting can be done on Ms. Ragler's account."[2] The foreclosure sale was held on January 19, 2018. Wells removed the case to this court based on diversity jurisdiction.

## III. STANDARD OF REVIEW

Federal law requires that if at any time prior to entry of judgment "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[3] The law authorizing removal must be strictly construed against removal, and any question concerning the right to remove must be resolved in favor of remand to state court.[4] "The presumption against removal means 'that the defendant always has the burden of establishing removal is proper.'"[5]

---

[1] Doc. 1-1 at ¶ 1.

[2] *Id.*, at ¶ 16.

[3] 28 U.S.C. § 1447(c).

[4] *Moore-Thomas v. Alaska Airlines, Inc.* 553 F.3d 1241, 1244 (9th Cir. 2009).

[5] *Id.* (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).

## IV. DISCUSSION

Ragler contends that the amount in controversy is less than the $75,000 required by 28 U.S.C. § 1332. Her argument is premised on the propositions that the amount by which she fell behind on her mortgage payments was less than $75,000, and that as a matter of law the amount in controversy may not be measured by the value of the foreclosed property.

Ragler relies on two of this court's decisions, *Dalby v. Ditech Fin., LLC, et al.*[6] and *Baker v. Robinson Tait, et al.*[7] *Baker* turned on issues not present here and provides no guidance for resolving the pending motion. *Dalby*, on the other hand, is instructive. In *Dalby*, Judge Holland cited a recent California district court decision.[8] The California court first recognized that generally when an action seeks injunctive relief the amount in controversy is measured by the value of the lawsuit's object. Here, that would be the value of the foreclosed property. Nonetheless, the California court and Judge Holland both recognized an exception to the general rule which applies when a plaintiff does not ask to prevent the ultimate sale of the property at a foreclosure sale.[9]

In *Dalby*, the defendants argued that plaintiff Dalby sought to rescind the foreclosure sale and restore title to him. Judge Holland agreed that Dalby did not explicitly ask for a temporary delay of the foreclosure proceeding. But, Judge Hollland

---

[6] Case No. 3:17-cv-233 HRH.

[7] Case No 3:16-cv-236 JWS.

[8] *Ortiz v. Seterus, Inc.*, 2016 WL 2968007 (C.D. Calif. 2016).

[9] *Id.* at *3 (collecting cases); *Dalby,* docket 22 at pp . 6-7.

-3-

emphasized that Dalby did not ask the court to restore his title free and clear the mortgage obligation. He elaborated:

> Rather, in his complaint [Dalby] acknowledges that there would still be a mortgage on the property, and he asks the court to determine how much is still owed on the mortgage. Plaintiff has alleged that he was not credited for some loan payments he made * * * *.[10]

The situation in the case at bar is essentially the same. Ragler's complaint alleges that Wells did not credit her for all payments she made. Like Dalby, Ragler does not ask the court to award her title free and clear of whatever actually remains due on the mortgage.[11] Her request for injunctive relief is limited to halting or rescinding the foreclosure sale "until a full accounting can be done on Ms. Ragler's account."[12]

Wells attempts to distinguish *Dalby* are unpersuasive. First, the fact that Dalby sought only *de minimis* damages does not mean a more substantial claim for compensatory damages necessarily establishes an amount in controversy exceeding $75,000. Wells does not contend that the compensatory damages sought by Ragler exceed $75,000. Next, Wells incorrectly asserts that unlike Dalby, Ragler requests no determination of what remains due on the mortgage; as noted above, Ragler requests an accounting of what is actually due on the mortgage. Next, Wells would distinguish *Dalby* on the basis that Dalby requested that the status quo be restored, while Ragler does not. There is nothing in Judge Holland's order nor anything in Mr. Dalby's

---

[10]*Dalby*, docket 22 at p. 9.

[11]*Dalby*, Complaint, docket 1-1, Prayer for Relief at p. 4.

[12]*Id*. at ¶ 17.

complaint[13] that explicitly asks for restoration of the status quo. Finally, Wells points out that Dalby also pled claims for violation of the UTPCPA. While that is correct, the absence of such claims by Ragler is immaterial to the jurisdictional issue at hand. Wells relies *on Garfinkle v. Wells Fargo Bank.*[14] In that case plaintiffs alleged that the extra-judicial foreclosure procedure in California law violated the Fifth and Fourteenth Amendments because the procedure did not afford them a meaningful opportunity to be heard before they would lose their interest in the subject real estate. The district court had dismissed the plaintiffs' complaint for lack of subject matter jurisdiction. The Ninth Circuit reversed, finding that diversity jurisdiction existed. The appellate court held that both the amount owed to the bank and the value of the property exceeded the statutory threshold amount. Wells argues that because the defendant could have used a judicial foreclosure option if denied the ability to use the extra-judicial foreclosure mechanism, *Garfinkle* supports the proposition that even when temporary injunctive relief is sought, the amount in controversy is measured by value of the property. While the *Garfinkle* court did not expressly consider the availability of an alternative remedy, Wells' interpretation of the case is not implausible. However, it is incorrect.

In *Corral v. Select Portfolio Servicing, Inc.*,[15] the Ninth Circuit held that when a borrower sought to enjoin a foreclosure sale while his application for a loan modification was being considered the amount in controversy was not the amount owed by the

---

[13]*Dalby*, Complaint, Prayer for Relief, doc. 1-2 at p. 12.

[14]483 F.2d 1074 (9th Cir. 1973)

[15]878 F.3d 770 (9th Cir. 2017).

-5-

borrower. The court held when a temporary injunction is sought, the balance owed by the borrower is not the amount in controversy. The court explained that its holding was not inconsistent with earlier case law.

> Our holding here is not inconsistent with *Chapman* and *Garfinkle*. When a plaintiff seeks to quiet title to a property or permanently enjoin the foreclosure, the object of the litigation is the ownership of the property. Therefor, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy. Here, unlike in *Chapman* and *Garfinkle*, and the other cases cited by the district court in denying the motion to remand, the object of the litigation is only a temporary injunction while SPS considers Corral's loan modification application.[16]

The *Corral* decision obviously supports the analysis by Judge Holland in *Dalby*. This court finds that analysis correct and applicable to the motion at hand.

## V. CONCLUSION

For the reasons above, the request at docket 18 is granted and the motion at docket 9 is granted. All other pending motions are denied without prejudice to renewal in state court. The Clerk shall remand this action to the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

DATED this 11th day of July 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[16]*Id*. at 878 F.3d 776.